UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JANE DOE

Civ. No._____

Plaintiff,

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

v.

TRAVIS JOHN JENNER,

Defendant.

Jane Doe, proceeding through her attorneys of record Marsh Law Firm PLLC and Douglas R. Beam P.A., alleges for her complaint as follows:

## NATURE OF THE ACTION

1. This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statute 18 U.S.C. §§ 2252(a)(2) and (b)(1).

2. 18 U.S.C. § 2255(a) allows victims of child pornography under section 2252 to recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The Court may also award punitive damages and grant such other preliminary and equitable relief as the Court determines to be appropriate.

3. The Defendant's criminal conduct constituted tortious invasion of the Plaintiff's privacy for which she also is entitled to compensatory damages.

4. The Defendant's extreme and outrageous conduct constituted intentional infliction of emotional distress for which the Plaintiff is entitled to compensatory damages.

1

...

## PARTIES

5. Plaintiff Jane Doe is an adult over the age of 18 who currently resides outside the state of Florida.

6. Plaintiff Jane Doe is the victim identified as "S.W." in the Amendment Judgment in a Criminal Case filed in *United States of America v. Travis John Jenner*, Case No. 2:15-cr-105-FtM-UACM ("Criminal Case"). (Doc. 68, Filed 10-25-2016).

7. The Defendant is a resident of Florida and is currently imprisoned at McRae Correctional Institution in Georgia for violating federal child pornography laws.

8. During the relevant time period, the Defendant was a Broker Associate for Sky Real Estate and Property Management in Naples, Florida.

## JURISDICTION AND VENUE

9. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under federal laws 18 U.S.C. § 2255.

10. According to 18 U.S.C. 2255 (c)(1), "any action brought under subsection (a) may be brought in the district court of the United States that meets applicable requirements relating to venue under section 1391 of title 28." Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where the Defendant resides and (ii) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PLAINTIFF'S MOTION FOR PERMISSION TO PROCEED USING A PSEUDONYM

11. Jane Doe has filed this complaint using a pseudonym in accordance with the applicable law in this Circuit.

2

12. Concomitant with the filing of this complaint, Jane Doe filed a motion for permission to proceed using a pseudonym.

## FACTUAL BACKGROUND

**The Defendant Travis John Jenner was Criminally Convicted of Creating Child Pornography of the Plaintiff**

13. On July 23, 2015, the Defendant was charged in a federal criminal complaint of knowingly distributing a visual depiction that has been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction is of such conduct, in violation of 18 U.S.C. 2252(a)(2) and 2252(b)(1). (Criminal Case, Doc. 1, Filed 07/23/2015).

14. During their investigation of the Defendant, the Ontario Provincial Police identified Jane Doe as one of the girls depicted in the child pornography images which were distributed by the Defendant. (Criminal Case, Doc. 1, Filed 07/23/2015, paras. 5-16).

15. On August 19, 2015, the Defendant was indicted for possessing and distributing a visual depiction of a minor engaging in sexually explicit conduct in violation of sections 18 U.S.C. 2252(a)(4)(B) and 2252(b)(2), and sections 2252(a)(2) and 2252(b)(1). (Criminal Case, Doc. 9, Filed 08/19/2015).

16. On December 30, 2015, the Defendant signed a plea agreement in which he entered a plea of guilty to count two of the indictment for distribution of material involving the sexual exploitation of a minor in violation of sections 18 U.S.C. 2252(a)(2) and 2252(b)(1). (Criminal Case, Doc. 29, Filed 12/30/2015).

3

17. In the plea agreement, the Defendant admitted that "On May 19, 2015, the defendant, Travis John Jenner, distributed child pornography to an undercover detective located in Canada over the internet."

18. In the plea agreement, the Defendant also admitted the following:

> …The defendant, using username SETHISITE, shared multiple images of two girls that he said that he "got to do things online."
>
> The images depict two minor females, a brunette and a blond, in various stages of undress including images of them naked showing their breasts and vagina. Two images are close-up pictures of each of their vaginas. There are two images of the brunette teenager touching her vagina in an apparent masturbation pose.
>
> Simultaneous to the group chat, the OPP officer chatted one on one with defendant on Motherless.com. When the OPP officer informed username SETHISITE that he was from Ontario, Canada, the defendant responded that the brunette girl in the images was also from Ontario. Username SETHISITE told the OPP officer that he got to know the minor girl "well online and then we chatted for two years." SETHISITE later indicated, "…I only stopped talking [to her] last year, she was 17 then." SETHISITE identified the girl by name and email address to the OPP officer.
>
> On May 19, 2015, the OPP officer attempted to contact the girl via the email address provided by SETHISITE and was able to reach and identify the girl on May 20, 2015.
>
> On June 12, 2015, the OPP officer interviewed the girl that was depicted in many of the images distributed by the defendant on May 19, 2015. At the time of this interview, the girl was 18 years old. When shown the images distributed by SETHISITE, the girl recognized the brunette girl as herself and recalled taking the images herself or "web-camming" when she was between 14-16 years old and in an online relationship with whom she thought was a 25 year old man from Florida, USA. She told the officer that she knew his name as Travis JENNER and that he was a real estate agent in

4

Naples, Florida. She recalled his phone number began with 239-961 but she couldn't recall the last four of the number. She advised that Travis JENNER was aware of her age and he would offer to buy her things in exchange for pictures of her or for her to do explicit acts at his direction over webcam. Through the use of a webcam, which is a video camera that inputs to a computer, she was able to have a two-way, face to face, online, live-video experience with the defendant. She stated she initially met him on the website vampirefreaks.com and they began exchanging explicit pictures via text, I-Message and Skype as the relationship progressed. They also spoke on the phone occasionally. She then modeled in the lingerie and sent pictures of herself at his request. Further, she advised that he may have access to her email account and he sometimes would change the password to block her access. She was unaware that he either took or kept and distributed her images. She advised she told him to stop contacting her about a year ago. While reviewing the images, the girl recalled sending some of them only to Travis Jenner and she advised that all were taken when she was 14 or 15 years old. She also advised that during their approximate two year online relationship, she received numerous graphic images of Travis Jenner.

Further, the girl was shown a photo line-up of Travis John Jenner, using a photograph on file with the Florida Department of Motor Vehicles, and five other similar individuals by the OPP officer, and she identified the defendant as the Travis Jenner with whom she was in an online relationship when she was 14-16 years old.

(Criminal Case, Doc. 29, Filed 12/30/15, pp. 20-22)

19.   In the plea agreement, the Defendant also admitted the following:

Agent read Jenner his Miranda warnings, and Jenner waived his rights and agreed to cooperate. During this interview, Jenner admitted to knowing the minor victim. Jenner knows that the minor resides in Canada. Jenner admitted that he met the minor online at the website Vampirefreaks.com. Jenner said that he was attracted to her profile picture. He knew she was a minor from information contained in her profile. Jenner contacted the minor and befriended her online. Jenner admitted that he engaged in an online relationship

5

with her for at least two years. During that time he contacted her via text messaging, Skype, and at least one phone call. Jenner said that during the online relationship, he received numerous images depicting the minor engaging in sexually explicit conduct or posing in a lewd and lascivious manner. In addition, Jenner admitted to knowing the minor's email address and accessing her email address. Jenner admitted to creating and using a Motherless.com account username SETHISITE, and Jenner admitted to using that account to distribute sexually explicit images of the minor multiple times including on May 19, 2015...

Jenner admitted that subsequent to distributing the minor's images on May 19, 2015, and learning through reading her email that he had encountered a law enforcement officer, Jenner said that he smashed his computer and threw it away in an undisclosed dumpster. However, he purchased another laptop shortly thereafter, and Jenner was able to access the minor's images again on a website called Imagefap.com. Jenner admitted that he was obsessed with the minor, so he continued to view and to distribute her images after their relationship ended.

(Criminal Case, Doc. 29, Filed 12/30/15, pp. 24-25)

20. Jane Doe is the brunette girl referenced in pp. 20-22 and 24-25.

21. On June 15, 2015, Jane Doe was interviewed by the OPP officer referenced above, identified the brunette girl as herself, and recalled taking the images or "web-camming" with the Defendant when she was between 14-16 years old. Jane Doe also recalled sending some of the images only to the Defendant and she advised the OPP officer that all were taken when she was 14 or 15 years old.

22. Jane Doe advised the OPP officer that the Defendant was aware of her age.

23. Jane Doe also identified the Defendant in a photo line-up as the individual with whom she shared sexually explicit images when she was 14-16 years old.

6

24. On October 25, 2016, the Court entered an Amended Judgment in a Criminal Case ordering the Defendant to pay "S.W." $51,376 in restitution. (Criminal Case, Doc. 68, Filed 10/25/16, p. 6).

25. Jane Doe is the victim "S.W." referenced in the Amended Judgment.

26. The Defendant's distribution of Jane Doe's child pornography images has caused her long-lasting and permanent harm. Jane Doe is acutely aware that her child sex abuse images may never disappear. Unlike victims of a time–limited trauma, Jane Doe is continuously victimized by fear that she will be recognized and/or her child sex abuse images will be traded online.

27. Jane Doe has been and will continue to suffer personal injury by the Defendant's distribution of child pornography depicting her. The permanent harm she has suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

## **FIRST CLAIM FOR RELIEF**
## **18 U.S.C. § 2255(A)**

28. The Plaintiff repeats and re–alleges all prior paragraphs.

29. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252A(a)(5)(B) and who suffers personal injury as a result of such violation shall recover the actual damages such

7

person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

30. The Defendant pleaded guilty and was convicted of violating federal child pornography crimes 18 U.S.C. §§ 2252(a)(2) and 2252 (b)(1).

31. 18 U.S.C. § 2252(a)(2) provides that any person commits federal crime who:

> "knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if-
>
> (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>
> (B) such visual depiction is of such conduct;"

32. 18 U.S.C. § 2252 (b)(1) provides that whoever violates, or attempts or conspires to violate, paragraph (2) of subsection (a) shall be:

> "fined under this title and imprisoned not less than 5 years and not more than 20 years, but if such person has a prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, such person shall be

8

fined under this title and imprisoned for not less than 15 years nor more than 40 years."

33. Jane Doe is a victim of the Defendant's violation of federal child pornography laws 18 U.S.C. §§ 2252(a)(2) and 2252 (b)(1) and has suffered personal injury as a result of the Defendant's criminal acts. These personal injuries include, without limitation, emotional and psychic pain, violation of privacy interests and injury to reputation and well–being.

34. Jane Doe is electing liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
## INVASION OF PRIVACY–INTRUSION UPON SECLUSION

35. The Plaintiff repeats and re–alleges all prior paragraphs.

36. It is well established that Florida recognizes the right to privacy and that violation of that right is an actionable tort. *Doe v. Univision Television Group, Inc.*, 717 So.2d 63, 64 (Fla. 3rd DCA 1998) (citing *Cape Publications, Inc. v. Hitchner*, 549 So.2d 1374, 1377 (Fla. 1989)).

37. The Supreme Court of Florida has acknowledged with approval the Restatement (Second) of Torts § 652D. *Cape Publications, Inc. v. Hitchner*, 549 So.2d 1374, 1377 (Fla. 1989).

38. Section 652D of the Restatement (Second) of Torts states that "[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the

9

other for the invasion of his privacy, if the matter publicized is of a kind that (1) would be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public." *Id.*

39. Florida courts have also recognized the Restatement (Second) of Torts § 652B describing intrusion upon seclusion. *Purrelli v. State Farm Fire and Cas. Co.*, 698 So.2d 618, 621 (Fla. 2nd DCA 1997) (citing *Agency for Health Care Admin. V. Associated Indus. Of Fla., Inc.*, 678 So.2d 1239, 1252 (Fla. 1996)).

40. The Restatement (Second) of Torts defines intrusion upon seclusion as "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another." *Id.*

41. Defendant distributed graphic images of Jane Doe in various stages of undress including images of her naked showing her breasts and vagina. The images include close-up pictures of Jane Doe's vagina and images of Jane Doe touching her vagina in an apparent masturbation pose.

42. The Plaintiff did not, and as minor could not, consent to her sexual exploitation, or to the taking, reproduction, trafficking, possession, or viewing of her child sex abuse images.

43. As a minor, Plaintiff had a reasonable expectation of privacy with respect to these most intimate and secluded matters—an expectation that was intruded upon by the Defendant.

10

44. By possessing and distributing these images, the Defendant committed an unauthorized intrusion into the Plaintiff's seclusion and the matter intruded upon was of a highly personal and private manner.

45. The Defendant knew or had reason to know that the child sex abuse images he possessed were produced, distributed, and trafficked in violation of state and federal child pornography laws. In fact, he pleaded guilty to "knowingly distributing [a] visual depiction" of "a minor engaging in sexually explicit conduct."

46. The possession and distribution of the Plaintiff's child sex abuse images is highly offensive to the reasonable person and does not contribute to any legitimate public interest.

47. The Plaintiff suffered and continues to suffer ongoing and permanent anguish and harm as a result of the Defendant's unauthorized intrusion or prying into her seclusion.

48. The Plaintiff was harmed and continues to be harmed as a result of the Defendant's invasion of her privacy and is entitled to compensatory and punitive damages, and reasonable attorney's fees.

### THIRD CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. The Plaintiff repeats and re–alleges all prior paragraphs.

50. The Supreme Court of Florida has firmly stated that the state of Florida recognizes the tort of intentional infliction of emotional distress. *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278 (Fla. 1985).

51. Florida courts have identified the following elements as necessary to properly pleading an intentional infliction of emotional distress claim under Florida law: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous, beyond all bounds of decency, and is to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *LeGrande v. Emmanuel*, 889 So.2d 991, 994 (Fla. 3rd DCA 2004).

52. The Defendant's child pornography crimes, which victimized a minor girl, demonstrated intentional, reckless, extreme, and outrageous conduct.

53. The Defendant knew and understood the effect his child pornography crimes would have on vulnerable victims and knew there was a high probability that his conduct would cause severe emotional distress.

54. The Defendant acknowledged that he intentionally produced and shared child pornography images depicting the Plaintiff.

55. The Defendant's distribution of Jane Doe's child pornography images has caused her long-lasting and permanent harm. Jane Doe is acutely aware that her child sex abuse images may never disappear. Unlike victims of a time–limited trauma, Jane Doe is continuously victimized by fear that she will be recognized and/or her child sex abuse images will be traded online.

56. Jane Doe has been and will continue to suffer personal injury by the Defendant's distribution of child pornography depicting her. The permanent harm she has suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational

12

progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

## JURY DEMAND

57. The Plaintiff demands a jury trial.

## RELIEF REQUESTED

WHEREFORE, Jane Doe requests judgment against the Defendant as follows:

1. Liquidated damages in the amount of $150,000 pursuant to 18 U.S.C. § 2255(a);

2. Punitive damages in an amount sufficient to punish the Defendant and deter others from like conduct pursuant to 18 U.S.C. § 2255(a) and the common law;

3. The costs of the action pursuant to 18 U.S.C. § 2255(a);

4. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

5. Other litigation costs reasonably incurred pursuant to 18 U.S.C. § 2255(a);

6. Pre-judgment and post-judgment interest;

7. Such other preliminary and equitable relief as the Court determines to be appropriate pursuant to 18 U.S.C. § 2255(a);

8. Any relief within the Court's jurisdiction appropriate to the proof, whether or not demanded; and

9. Such other and further relief as the Court deems just and proper.

Dated: October 15th, 2018.

**MARSH LAW FIRM PLLC**

by /s/James R. Marsh
James R. Marsh (to be admitted *Pro Hac Vice*)
Box 4668 #65135
New York, New York 10163-4668
Telephone: 212-372-3030
Facsimile: 833-210-3336
jamesmarsh@marsh.law
*Attorney for Plaintiff Jane Doe*

**DOUGLAS R. BEAM, P.A.**

by /s/Douglas R. Beam
Douglas R. Beam
Florida Bar 0515604
Douglas R. Beam, P.A.
25 W. New Haven Ave.
Melbourne, FL 32901
Telephone: 321-723-6591
Facsimile: 321-723-5926
eservice1@dougbeam.com
eservice2@dougbeam.com
*Attorney for Plaintiff Jane Doe*