JANE DOE, an individual,

      Plaintiff,

v.                         Case No:  2:18-cv-683-FtM-29MRM

TRAVIS JOHN JENNER, an
individual,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Summary Judgment and accompanying Memorandum (Docs. ##24-25) filed on March 19, 2019.  Defendant filed a Response (Doc. #27) on April 2, 2019.  For the reasons set forth below, the motion is granted.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  <u>Baby Buddies, Inc. v. Toys "R" Us, Inc.</u>, 611 F.3d 1308, 1314 (11th Cir. 2010).  A fact is "material" if it may affect the outcome of the suit under governing law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  "A

court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

On October 15, 2018, plaintiff Jane Doe[1] (Plaintiff) filed a Complaint against defendant Travis John Jenner (Defendant), asserting a claim under 18 U.S.C. § 2255(a).[2]  Plaintiff argues she is entitled to relief under Section 2255(a) because she is a victim of Defendant's violation of federal child pornography laws.

The undisputed facts are as follows: On December 30, 2015, in United States v. Jenner, Case No. 2:15-cr-105, Defendant pled guilty to distributing material involving the sexual exploitation of a minor in violation of 18 U.S.C. §§ 2252(a)(2),(b)(1).[3]  (Cv. Doc. #1, ¶¶ 13-16.)  In the plea agreement, Defendant admitted that he knowingly distributed child pornography depicting Plaintiff, a minor at the time, engaged in sexual acts.  (Cr. Doc.

---

[1] On October 19, 2018, the Magistrate Judge granted Plaintiff's motion to proceed in this action using the pseudonym "Jane Doe."  (Doc. #9.)

[2] The Complaint also asserts state law claims for invasion of privacy and intentional infliction of emotional distress. However, Plaintiff now withdraws those state law claims.  (Doc. #25, p. 6.)

[3] Where appropriate, the Court cites to the criminal docket in Case No. 2:15-cr-105, and the Court will refer to the criminal docket as "Cr. Doc."  The Court will refer to the civil docket as "Cv. Doc."  See United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987)("A court may take judicial notice of its own records and the records of inferior courts.").

#29, pp. 20-25.)   In an Amended Judgment, the Honorable Sheri

Polster Chappell sentenced Defendant to a term of imprisonment of

66 months and ordered Defendant to pay restitution to Plaintiff in

the amount of $51,376.  (Cr. Doc. #68.)  Plaintiff has received no

restitution payments from Defendant.  (Cv. Doc. #25, p. 4.)

**III.**

Plaintiff now moves for summary judgment on her claim under

18 U.S.C. § 2255(a).  Section 2255(a) provides that:

> Any person who, while a minor, was a victim of
> a violation of [18 U.S.C. § 2252] and who
> suffers personal injury as a result of such
> violation, regardless of whether the injury
> occurred while such person was a minor, may
> sue in any appropriate United States District
> Court and shall recover the actual damages
> such person sustains or liquidated damages in
> the amount of $150,000, and the cost of the
> action, including reasonable attorney's fees
> and other litigation costs reasonably
> incurred. The court may also award punitive
> damages and such other preliminary and
> equitable relief as the court determines to be
> appropriate.

Plaintiff seeks "the minimum statutory damages of $150,000" under

Section 2255.  (Cv. Doc. #25, p. 6.)

In his Response, Defendant "accept[s] responsibility for" his

actions, states that he "understand[s] the consequences that [he]

must face," and acknowledges that he is "liable under [Section]

2255(a) for a sum of $150,000."  (Cv. Doc. #27, p. 2.)  Nonetheless,

Defendant contends the Court should enter judgment awarding

Plaintiff $113,776 under Section 2255(a), because Defendant "had made previous attempts to settle this issue" in that amount. (Id.)

As Defendant concedes, however, his settlement proposal was either not received by Plaintiff's counsel "or it wasn't responded to." (Id. p. 3.) Thus, Defendant's unaccepted settlement proposal does not displace Section 2255(a)'s damages provision. And because Section 2255(a) explicitly provides that a victim such as Plaintiff "shall recover [] actual damages . . . or liquidated damages in the amount of $150,000," the Court finds Plaintiff is entitled to $150,000 in liquidated damages under Section 2255(a). Plaintiff requests that this award be reduced by $51,376, the amount of Defendant's court-ordered restitution. (Cv. Doc. #25, p. 8.) Plaintiff is therefore entitled to an award of $98,624 under Section 2255(a).

Although not requested in the instant motion, Plaintiff is entitled to post-judgment interest. See 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." Id. The rate is computed daily and compounded annually. 28 U.S.C. § 1961(b). The weekly average 1-year constant maturity Treasury yield rate

for the preceding week is 1.98%.  Applying this weekly average rate, Plaintiff is entitled to post-judgment interest at the per diem rate of $5.35.[4]

Accordingly, it is now

**ORDERED:**

1.   Plaintiff's Motion for Summary Judgment (Doc. #24) is **GRANTED.**

2.   The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant, providing that Plaintiff shall recover from Defendant as follows:

   a.   The principal sum of $98,624;

   b.   With post-judgment interest accruing at the per diem rate of $5.35 from the date of judgment until paid.

3.   Plaintiff may file a motion for costs and/or attorney's fees within **FOURTEEN** (**14) days** of the entry of judgment.

4.   The Clerk is further directed to terminate all pending matters and close the file.

---

[4] Formula applied: Weekly average 1-year constant maturity Treasury yield (0.0198) x principal amount ($98,624) = $1,952.75/365 days = per diem rate ($5.35).

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of July, 2019.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel and Parties of record