UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE,

    Plaintiff,

v.                      Case No: 2:18-cv-683-FtM-29MRM

TRAVIS JOHN JENNER,

    Defendant.

**OPINION AND ORDER**

    This matter comes before the Court on review of plaintiff's Motion for Attorney's Fees Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 18 U.S.C. 2255 (Doc. #30) and Memorandum in Support (Doc. #31) filed on July 16, 2019. Defendant was directed to file a response, however no response was filed, and the time to respond has expired.

    On July 2, 2019, the Court granted summary judgment in favor of plaintiff and against defendant, and awarded $98,624 in damages, plus post-judgment interest. (Doc. #28.) Judgment (Doc. #29) was entered on the same day. Under 18 U.S.C. § 2255, a victim such as plaintiff who "suffers personal injury" as a result of a violation of 18 U.S.C. § 2252 as in this case, and other statutes, "may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action,

including reasonable attorney's fees and other litigation costs reasonably incurred." 18 U.S.C. § 2255(a). Plaintiff seeks attorney's fees and costs as the prevailing party in this matter, and the Court finds that plaintiff is a prevailing party entitled to statutory attorney's fees, and costs.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced. Id. The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).

Attorney Douglas R. Beam filed an Affidavit in Support (Doc. #31-1) stating that the attached Exhibits were compiled in the usual and ordinary course of business. Also attached are attorney Katie M. Shipp's Declaration (Doc. #31-2), and attorney James R. Marsh's Declaration (Doc. #31-3) detailing their individual qualifications and experience, as well as a Time and Expense Report (Doc. #31-2, Exhibit) detailing the billable hours for attorneys Shipp and Marsh only. Plaintiff seeks a total of $32,042.00 in attorneys' fees and approximately $735 in costs.

**A. Hourly Rate**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). The prevailing market is Fort Myers, Florida, and the surrounding counties in the Fort Myers Division of the Middle District of Florida. Olesen-Frayne v. Olesen, No. 2:09-CV-49-FTM-29DNF, 2009 WL 3048451, at *2 (M.D. Fla. Sept. 21, 2009). If a non-local rate is requested, plaintiff has the burden to establish a lack of attorneys willing and able to handle similar claims. Id.

Beam is a former prosecutor who founded the child sexual abuse prosecution unit in Brevard County, Florida. Marsh was the architect of the 2006 and 2018 revisions to 18 U.S.C. § 2255, founded the nationally recognized Children's Law Center in Washington, D.C., and it was his case before the United States Supreme Court in 2014 that led to the Amy, Vicky, and Andy Child Pornography Assistance Act of 2018. Shipp has spent her entire legal career practicing in the area of child sex abuse, and has represented victims of child pornography in both criminal restitution proceedings and civil cases while at the Marsh Law Firm. (Doc. #31, p. 4; Doc. #31-1, ¶ 4.) Based on these credentials, Beam seeks an hourly rate of $700 an hour, Marsh seeks

an hourly rate of $800 an hour, and Shipp seeks a rate of $400 an hour.

Plaintiff cites to a recent survey by the Florida Bar Association that found that rates as high as $400 per hour are common with 16% of attorneys in the combined Central and Southwest regions of Florida, which include counties in Tampa and Orlando. Plaintiff did not provide anything to indicate what percentage of this statistic falls in the Fort Myers area, and the Tampa and Orlando Divisions generally have higher hourly rates. The Court puts little stock in the Survey in light of the much lower rates common to the Fort Myers area.

That being said, the Court finds that a higher than normal hourly rate is appropriate in this case. Counsel have unique and specialized credentials not otherwise available in Fort Myers, and the case involved a minor victim of child pornography who might otherwise never receive compensation without their advocacy. The Court will allow higher, albeit slightly reduced, hourly rates as follows:

| Attorney | Requested Rate | Reduced Rate |
|---|---|---|
| Beam | $700 | $500 |
| Marsh | $800 | $600 |
| Shipp | $400 | $350 |

**B. Number of Hours**

The Court is obligated to eliminate excessive, redundant, or unnecessary hours in computing a reasonable number of hours expended. Norman, at 1301 (citing Hensley, 461 U.S. at 434). "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." Norman, at 1302. "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available." Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n.10 (1989) (quoting Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717 (5th Cir. 1974)).

**1. Beam**

Attorney Beam claims 32.9 hours of work on the case. Beam's Affidavit referenced an Exhibit A and Exhibit B as business records in support. Finding no exhibits were attached to the Affidavit, the Court notified counsel of the error. On August 26, 2019, counsel filed a Notice of Filing Exhibits A and B (Doc. #34)[1] with the missing exhibits.

---

[1] The document references Jane Doe by a last name and it has not been redacted. The Court will direct that the document be

The Court finds that the entries lack sufficient detail. Many of the entries for "received and review" and for acknowledgement of Orders are excessive because there is no indication that substantive legal work was involved. These hours will be reviewed and individually reduced. For example, the "Received and Review of [ ] Cover Sheet (1)" will be reduced 0.1, and the request to appear *pro hac vice* filed on behalf of Marsh entry on 10/15/2018 will be reduced to 0.4 hours. Also, the 8/8/2018 entry for 0.3 and 10/15/2018 entry for 0.3 hours to receive and review a certificate of service to a motion drafted by Shipp will be eliminated in their entirety. The 8/8/2018 entry for 0.8 hours to receive and review of the Complaint is some time after the pleading was drafted and reviewed by Marsh. These hours will be eliminated in their entirety as excessive and redundant.

Beam's hours will be adjusted to eliminate hours for most of the individual entries, and as specified above, leaving a total of 22.4 hours that are deemed reasonable. At the lower rate of $500 an hour, this provides a total of $11,200.00 in attorney fees.

**2. Marsh**

Attorney Marsh worked 1.75 hours on the case. Most of this time was to review and revise the complaint, and to review and revise the motion for a default judgment after Shipp completed the

---

placed under seal.

initial drafts. As the 1.75 hours is reasonable, the Court will allow the hours at the lower rate of $600 an hour for a total of $1,050.00 in attorney fees.

### 3. Shipp

Attorney Shipp seeks fees for 19.03 hours of work. Some of the hours include administrative functions and/or are excessive for the task. For example, 0.55 hours for Civil Cover Sheet and Summons is excessive because it is an administrative or secretarial function. Further, the time allotted for the Certificate of Interested Persons and Notice of Pendency of Other Actions is excessive as no complex corporate entities are involved in this case requiring extra research. The Court will also reduce the time to "Review docket/orders" as no activity is apparent on the docket on or about 11/30/2018 that would require 0.73 hours at the billing rate of counsel. Therefore, the Court finds that 17.03 hours is reasonable at a rate of $350.00 an hour for a total of $5,960.50 in attorney fees.

### C. Adjustment to Lodestar

"After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d at 1302. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this

will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." Hensley v. Eckerhart, 461 U.S. at 435.

Although the results in this case were excellent, and the Court is granting most of the attorney's fees requested, the Court finds that an upward adjustment to the award is not required. This case was started and ended in less than a year because defendant never opposed liability. Defendant offered to settle before suit was filed, and agreed from the beginning that he was responsible and liable for damages. Defendant's only argument was that the amount be reduced. A total of $18,210.50 in attorney fees will be awarded.

### D. Costs and Expenses

The costs and expenses are on behalf of Beam and Marsh only. Beam lists the costs of the process server and the filing fees, which are also taxable costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 and allowable. The expenses for delivery, postage, and electronic research are not taxable costs but are permitted litigation expenses under the statutory authority of 18 U.S.C. § 2255(a). Therefore, the total of $585.37 for Beam will be permitted. Marsh seeks the fees associated with his *pro hac vice* admission into the Middle District of Florida. The $150.00 will

also be permitted.  A total of $735.37 in costs and expenses will be awarded.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Attorney's Fees Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 18 U.S.C. 2255 (Doc. #30) is **GRANTED IN PART AND DENIED IN PART**.  The Clerk shall enter judgment in favor of plaintiff and against defendant for attorney's fees in the amount of $18,210.50, plus $670 in costs, and $65.37 in litigation expenses.

2. The Clerk shall place Document #34 under seal from public viewing as it makes reference to Jane Doe by name.

**DONE and ORDERED** at Fort Myers, Florida, this ___28th___ day of August, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record